## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

STEVEN COUCH,

        Plaintiff,

v.

ELLEN MITCHELL,
CHRISTINA TROCHEK, and
MATT FISHER,

        Defendants.

Case No.  15-cv-4926-DDC-KGS

## MEMORANDUM AND ORDER

Plaintiff asserts claims alleging civil rights violations against defendants in this lawsuit. This matter comes before the court on defendants' Motion to Dismiss for Failure to State a Claim (Doc. 12), plaintiff's Response to the court's Show Cause Order (Doc. 23 Motion to Show Cause Why this Court Should Not Dismiss Complaint), and plaintiff's Response to defendants' Motion (Doc. 24).  For the reasons explained below, the court grants defendants' Motion to Dismiss.

### I.    Background

On September 9, 2015, pro se plaintiff Steven Couch filed a Complaint against the following defendants: Ellen Mitchell, Saline County County Attorney, Christina Trocheck,[1] Saline County Assistant County Attorney, and Matt Fischer,[2] Saline County Deputy Sheriff. Plaintiff alleges that defendants violated his Fourth Amendment right to be free from illegal seizure, Fifth Amendment due process right, Sixth Amendment right to counsel, and Fourteenth

---

[1] Plaintiff spells Ms. Trocheck's name "Trochek" in the caption of his Complaint.  *See* doc. 1.  But, plaintiff later spells her name "Trocheck."  *Id.*  And, in their Answer, defendants correct plaintiff's spelling to "Trocheck."  The court refers to her as Ms. Trocheck.

[2] Plaintiff spells Mr. Fischer's name "Fisher" in his complaint.  In their Answer, defendants correct plaintiff's spelling.  The court refers to him as Mr. Fischer.

Amendment right to equal protection.  Plaintiff also asserts claims for malicious prosecution and abuse of process.

Plaintiff's suit arises from events leading to his conviction in the District of Kansas in *United States of America v. Steven Couch*, No. 12-40014-01-JAR (D. Kan. 2011).  Plaintiff was living with his girlfriend Carol Williams when he was arrested on February 17, 2011.  Plaintiff and Williams had been fighting when plaintiff evicted her from his home.  Before Williams left the house, she asked for a handgun she previously had purchased.  Plaintiff handed Williams the handgun and had started to leave the room when she shot and killed herself.  Plaintiff's father, who was also living at the residence, called 911.  Plaintiff was arrested and charged with first degree murder and felon in possession of a firearm.

The Saline County, Kansas District Court investigated the case until January 19, 2012.  On January 18, 2012, a grand jury indicted plaintiff on the charge of felon in possession of a firearm.  Doc. 13-12.  On July 12, 2013, plaintiff pleaded guilty to the charge as part of a plea agreement.  Doc. 13-13.  Plaintiff was sentenced to 30 months in jail and was released on January 30, 2015.

Plaintiff contends that defendants conspired to misrepresent and omit facts about gun-powder residue testing in a probable cause affidavit Deputy Matt Fischer presented to the sheriff's office of the Saline County, Kansas District Court as part of the investigation.  Doc. 1 at 6.  Specifically, plaintiff claims defendants omitted from the affidavit evidence obtained from gun-powder residue testing because it would have proven Williams's gunshot wound was self-inflicted and thus have exonerated plaintiff on the first degree murder charges.  *Id.*  Also, plaintiff claims Deputy Fischer intentionally included a false report from a doctor as part of the affidavit.  Doc. 1 at 6–7.  Though it is unclear, it appears plaintiff claims that the false affidavit

led Judge Rene Young of the Saline County Court, the judge assigned to the case, to set bond at $20,000 and deny plaintiff's Motion for Bond Reduction.  *Id.*

Plaintiff also alleges that defendants Ms. Mitchell and Ms. Trocheck conspired to withhold evidence that would have disqualified Ms. Trocheck as a prosecutor.  Doc. 1 at 7. From what the court can tell, plaintiff claims that defendants found marijuana at plaintiff's home while executing a search warrant, but omitted the evidence from the probable cause affidavit to prevent a possible conflict of interest which would have caused them to "lose jurisdiction."  Doc. 1 at 8.

Finally, plaintiff alleges that Ms. Mitchell and Ms. Trocheck used privileged information as part of their investigation.  Doc. 1 at 9.  Specifically, plaintiff claims Ms. Trocheck used information about his relationships that she had acquired while representing plaintiff in 2004 to contact and interview a witness as part of the 2011–12 investigation.

On November 23, 2015, defendants filed a motion to dismiss.  This motion asserts that plaintiff's claim fails to state a claim for which the court could properly grant relief, and so defendants seek dismissal of all claims under Fed. R. Civ. P. 12(b)(6).  Doc. 12.  Plaintiff did not respond within the 21 day deadline established by our court's local rules.  D. Kan. Rule 6.1(d). Later, plaintiff filed a Motion to Respond Out of Time on June 13, 2012.  Doc. 18.  On June 20, 2016, the court issued an order denying plaintiff's Motion to File out of Time.  Doc. 20.  In the same order, the court ordered plaintiff to show cause why the court should not rule defendants' Motion as uncontested because plaintiff had not filed response to defendants' Motion to Dismiss. *Id.*  The court explained that D. Kan. Rules 6.1(d)(2) and 7.1(c) required plaintiff to respond to defendants' motion within 21 days, *i.e.* by December 14, 2015.  Doc. 20  at 1.  It also explained that "[u]nder D. Kan. Rule 7.4(b), a party 'who fails to file a responsive brief or memorandum

within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum' unless there is a showing of excusable neglect." Doc. 20 at 2 (quoting D. Kan. Rule 7.4(b)). And, the court explained that its local rule provides "'[i]f a responsive brief or memorandum is not filed within the D. Kan. Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.'" *Id.* (quoting D. Kan. Rule 7.4(b)). The court also directed plaintiff to file any response to defendants' motion on or before July 18, 2016. *Id.*

On July 7, 2016, plaintiff filed a motion titled Motion to Show Cause Why this Court Should Not Dismiss Complaint. Doc. 23. In his Motion to Show Cause, plaintiff claims his access to the courts was impaired when he was arrested on January 18, 2016, for violating his probation. Doc. 23 at 1. Apparently, plaintiff spent time in the Leavenworth Detention Center and Federal Correctional Institution before being designated to Greenville, Illinois on or around May 16, 2016. Plaintiff asked for leniency because he had difficulty accessing evidence during his moves and could not respond as quickly as opposing counsel. *Id.* Also on July 7, 2016, plaintiff filed a response to Defendants' Motion to Dismiss. Doc. 24. Defendants filed a reply on July 19, 2016. Doc. 25.

## II.     Pro se Litigant Standard

Because plaintiff brings this lawsuit pro se, the court construes his filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for a pro se litigant. *Id.* Also, a litigant's pro se status does not excuse him from complying with the court's rules or facing the consequences of noncompliance. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### III.    Defendants' Motion to Dismiss for Failure to State a Claim

The court now turns to defendants' Motion to Dismiss (Doc. 24) under Fed. R. Civ. P. 12(b)(6).  The court grants this motion for the reasons explained below.

### A.  Legal Standard

Fed. R. Civ. P. 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although this Rule "does not require 'detailed factual allegations,'" it demands more than "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" which, as the Supreme Court explained, "'will not do.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  "Under this standard, 'the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.'"  *Carter v. United States*, 667 F. Supp. 2d 1259, 1262 (D. Kan. 2009) (quoting *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)).

Although the court must assume that the complaint's factual allegations are true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Id.* at 1263 (quoting *Iqbal*, 556 U.S. at 678).  "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice'" to state a claim for relief.  *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

When evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court may consider "not only the complaint itself, but also attached exhibits and documents incorporated into the complaint by reference." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *TMJ Implants, Inc. v. Aetna, Inc.*, 498 F.3d 1175, 1180 (10th Cir. 2007); *Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 964–65 (10th Cir. 1994)).  A court "'may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'" *Id.* (quoting *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007)).

### B.  Analysis

Because defendants are state actors, 42 U.S.C. §1983 provides the avenue for plaintiff's constitutional claims.  The Supreme Court also recognizes that a malicious prosecution claim is actionable under 42 U.S.C. § 1983 if the plaintiff has proven a constitutional violation.  *See Taylor v. Meacham*, 82 F.3d 1556, 1561 (1996).  Liberally construing plaintiff's Complaint, plaintiff appears to assert claims against defendants under 42 U.S.C. § 1983 as well the United States Constitution.  *See* 42 U.S.C. § 1983; *see also* U.S. Const. amends.  IV–VI, XIV.  Plaintiff also brings a state law abuse of process claim.  Defendants contend each one of plaintiff's claims fails to state a claim.  The court addresses each argument, in turn, below.

### 1. Rule 8 Compliance

Defendants first assert that plaintiff failed to comply with Fed. R. Civ. P. 8, which requires that pleadings provide "a short and plain statement of the claim."  Defendants contend that because plaintiff filed a 13 page Complaint that is "confusing" and "hard to follow," the court should dismiss plaintiff's claims.  *See* Doc. 13 at 8.  To support their argument, defendants

cite *Triplett v. United States Department of Defense*, where the District of Kansas dismissed a 169 page complaint with leave to amend. No. 11-2105-SAC, 2011 WL 1113551, at *1 (D. Kan. March 24, 2011). But, the court in *Triplett* noted that "[d]ismissal is a harsh remedy to be used cautiously" to "promote the liberal rules of pleading while protecting the interests of justice." *Id.* at *2. Given that plaintiff's complaint is 13 pages, far fewer than the 169 pages in *Triplett*, the court finds that Rule 8's short and plain statement requirement does not provide a basis for dismissing plaintiff's claims.

### 2. Constitutional Claims

#### a. Fourth Amendment

Defendants assert that plaintiff's Complaint fails to allege any violation of his Fourth Amendment rights. The Fourth Amendment protects "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV.

Plaintiff's Complaint never alleges that any defendant made an unreasonable search. In Count I, plaintiff alleges that Deputy Fischer filed an affidavit containing false information for issuance of a search warrant on March 1, 2011. Doc. 1 at 6. But, plaintiff does not actually contest the validity of the search. Instead, he asserts that Deputy Fischer's affidavit contained a false report from a doctor. Plaintiff contends that Deputy Fischer was "aware" that another doctor had come to a different conclusion and Deputy Fischer omitted this report from his affidavit. The Fourth Amendment does not provide a basis for this challenge. In Count II, plaintiff describes how he was placed under surveillance and how his phone calls were recorded and stored as evidence while he was in the Saline County jail. Doc. 1 at 7. But, plaintiff does not claim that the surveillance violated his Fourth Amendment rights. And, the Supreme Court

has held that the Fourth Amendment's "proscription against unreasonable searches" does not

apply within "the confines of a prison cell." *Hudson v. Palmer*, 468 U.S. 517, 525 (1984).  Thus,

any prison surveillance cannot constitute a Fourth Amendment violation.  In Count III, plaintiff

describes a search warrant executed in 2004.  Doc. 1 at 9.  Again, plaintiff does not claim that

this search violated his Fourth Amendment rights and, regardless, the search is not relevant to

plaintiff's current lawsuit.

The only seizure referenced in the Complaint is plaintiff's arrest on February 17, 2011.

Doc. 1;  *see Petersen v. Farnsworth*, 371 F.3d 1219, 1221–22 (10th Cir. 2004) (finding that a

seizure occurs when a reasonable person would not feel free to decline a police officer's request

or otherwise terminate the encounter).  But, plaintiff's lawsuit never challenges the validity of his

arrest.  The bulk of plaintiff's factual allegations center on plaintiff's theory that defendants

conspired to present false information, alter evidence, withhold information, or use confidential

information improperly—all which allegedly occurred after he was arrested.  *See* Doc. 1 at 6–9.

Indeed, no defendants were present when plaintiff was arrested.

In his Response to the shortcomings identified by defendants' moving papers, plaintiff

asserts that "[i]t is long established rule of law those accused of a crime shall enjoy certain rights

enumerated in the U.S. Constitution," including Fourth Amendment rights.  Doc. 24 at 3.  But,

plaintiff alleges no facts which could support a Fourth Amendment claim.  Any of plaintiff's

factual allegations that might invoke the Fourth Amendment are merely legal conclusions and

thus insufficient to survive a motion to dismiss.  *See Iqbal*, 556 U.S. at 678 (statements of legal

conclusions which do not allege sufficient facts to state a plausible claim will not survive a

motion to dismiss).  For example, plaintiff alleges that Ms. Mitchell "knowingly presented [an]

affidavit with information she knew to be false and conspired with" other defendants to present

this false information.  Doc. 1 at 6.  But plaintiff alleges no facts from which the court could

draw a reasonable inference that defendants are liable for a Fourth Amendment violation.  *See*

*Iqbal*, 556 U.S. at 678 ("a claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged.").  The court, after liberally construing plaintiff's Complaint, concludes

plaintiff has not alleged sufficient facts to survive a motion to dismiss.  The court thus grants

defendants' Motion to Dismiss on plaintiff's Fourth Amendment Claims.

### b.  Fifth Amendment

The Fifth Amendment due process clause reads:  "[n]o person shall be deprived of life,

liberty, or property, without due process of law."  U.S. Const. amend.V.  Defendants assert that

the Due Process Clause of the Fifth Amendment applies only to actions taken by the federal

government and thus provides no basis for plaintiff's claim against defendants.  All defendants

are county and state officials.  No federal actors are involved.  Plaintiff's Response is limited on

the Fifth Amendment issue.  Plaintiff refers to the Fifth Amendment "right to have due process

of law," but makes no other arguments under the Fifth Amendment.  Doc. 24 at 3.  The court

agrees with defendants.  The Fifth Amendment applies "only to action by the federal

government."  *Koessel v. Sublette Cnty. Sheriff's Dep't*, 717 F.3d 736, 748 n.2 (10th Cir. 2013).

In sum, plaintiff does not state a claim for which relief can be granted under the Fifth

Amendment.  The court thus grants defendants' Motion to Dismiss on plaintiff's Fifth

Amendment Claims.

### c.  Sixth Amendment

Defendants assert that Plaintiff has not pleaded sufficient facts to support a Sixth

Amendment claim.  The Sixth Amendment reads:  "In all criminal prosecutions, the accused

shall enjoy the right to a speedy and public trial . . . and to have the Assistance of Counsel for his defen[s]e." U.S. Const. Amend. VI.

Nowhere in his Complaint or in his Response to defendants' motion does plaintiff allege he was denied assistance of counsel.  In his Response, plaintiff refers to the Sixth Amendment, and to his right to a jury trial and effective assistance of counsel.  *See* Doc. 24 at 3.  But, even liberally construing plaintiff's claims, plaintiff offers no specific facts to support his allegations. Plaintiff's Sixth Amendment allegations are best described as legal conclusions, which the court does not accept as true when deciding Motions to Dismiss.  *See Iqbal*, 556 U.S. at 678 (statements of legal conclusions which do not allege sufficient facts to state a plausible claim will not survive a motion to dismiss).  Liberally construing plaintiff's Complaint, plaintiff does not state a claim for which relief can be granted under the Sixth Amendment.  The court thus grants defendants' Motion to Dismiss on plaintiff's Sixth Amendment claims.

### d.  Fourteenth Amendment

Defendants next assert that plaintiff has not alleged sufficient facts to support a Fourteenth Amendment claim.  The Fourteenth Amendment equal protection clause states that, "[n]o State shall . . . deny to any person . . . the equal protection under the laws." U.S. Const. Amend. XIV.   To prevail on an equal protection claim, plaintiff must allege more than that "the government acted out of animus or spite." *Galloway v. Hadl*, 548 F. Supp. 2d 1215, 1219 (D. Kan. 2008).  Plaintiff must show that the government treated him differently from similarly situated citizens and that no rational basis existed for such differential treatment.  *Id.*

Plaintiff's Complaint never alleges that he was treated differently than similarly situated citizens.  Likewise, none of plaintiff's factual allegations allow the court to draw a plausible inference that he was the target of defendants' animus or spite.  In his Response, plaintiff refers

to his Fourteenth Amendment and equal protection rights only in the most general fashion possible. *See* Doc. 24 at 3. This will not do. *Iqbal*, 556 U.S. at 678.

Plaintiff cites to *Brady v. Maryland*, which holds that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is *material* either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. 83, 87 (1963) (emphasis added). But, *Brady* does not support finding a Fourteenth Amendment violation here because none of the allegedly withheld evidence was material to plaintiff's guilt. Plaintiff claims defendants conspired to withhold evidence at two stages. First he asserts that Deputy Fischer knowingly omitted a doctor's report that Ms. Williams was not shot in the back of the head. Doc. 1 at 6. Second, he asserts that defendants conspired to withhold evidence of marijuana found at plaintiff's house which would have disqualified Ms. Trocheck as prosecutor Doc. 1 at 7. But plaintiff was not convicted of first degree murder. He pleaded guilty to felon in possession. So, the doctor's report description of Ms. Williams' wound was not material to this possession charge. And, according to plaintiff, Ms. Trocheck disqualified herself (Doc. 1 at 7), so any *Brady* claim on the marijuana omission is moot. Even when liberally construed, plaintiff does not state a claim for which relief can be granted under the Fourteenth Amendment. The court thus grants defendants' Motion to Dismiss on plaintiff's Fourteenth Amendment claims.

### 3. Malicious Prosecution

Defendants assert plaintiff fails to state a malicious prosecution claim under § 1983. The Tenth Circuit uses the common law elements as a starting point for the analysis of a §1983 malicious prosecution claim, but, importantly, plaintiff must also claim defendants violated his Fourth Amendment rights. *Meacham*, 82 F.3d at 1561. So, the court begins with the common

law.  In Kansas, a malicious prosecution claim requires pleading the following elements:  (1) the defendant initiated, continued, or procured the proceeding of which the complaint is made; (2) the defendant in doing so acted without probable cause; (3) the defendant acted with malice; (4) the proceedings terminated in favor of plaintiff; and (5) plaintiff sustained damages.  *Good v. Bd. Of Cnty. Cm'rs of Cnty. Of Shawnee, Kan.*, 331 F. Supp. 2d 1315, 1328 (D. Kan. 2004).

In his Response, plaintiff contends that he was detained "pursuant to improper criminal proceedings," and that this is sufficient to support a claim for malicious prosecution to survive Fed. R. 12(b)(6).  To support this contention, plaintiff cites *Esteras v. Diaz*, 266 F. Supp. 2d 270 (D. P. R. 2003).  In *Esteras*, the court found that plaintiffs stated sufficient facts to survive 12(b)(6) dismissal in part because the complaint sufficiently pleaded each common law element of a malicious prosecution claim. *Id.* at 279.  But here, even liberally construing plaintiff's claim, plaintiff has not pleaded sufficient facts to support a claim for malicious prosecution.  Plaintiff does not allege that defendants lacked probable cause.  And, aside from plaintiff's general allegations that defendants conspired to withhold evidence, no facts pleaded could support a finding that defendants acted with malice.  *See Iqbal*, 556 U.S. at 678 (labels and conclusions are insufficient to state a cause of action to survive a motion to dismiss).  Finally, plaintiff cannot show that any proceedings terminated in his favor because he pleaded guilty to felon in possession of a firearm.  So *Esteras* does not help plaintiff.

And, the common law elements are just the starting point for a §1983 malicious prosecution claim.  A §1983 malicious prosecution claim requires the plaintiff to plead a violation of their Fourth Amendment rights.  As discussed above, plaintiff has not stated a claim for which relief can be granted under the Fourth Amendment.  In sum, plaintiff has not stated a

malicious prosecution claim for which relief could be granted.  The court thus grants defendants' Motion to Dismiss on plaintiff's malicious prosecution claims.

### 4.  Abuse of Process

Defendants contend that plaintiff has not pleaded, and cannot allege, the necessary elements for an abuse of process claim.  An abuse of process claim differs from a malicious prosecution claim.  *See Vanover v. Cook*, 260 F.3d 1182, 1191 (10th Cir. 2001).  A malicious prosecution claim requires a showing that the defendant (in the civil case) commenced a prosecution without justification.  *Id.*  An abuse of process claim requires defendant used justified process for an end "other than that which it was designed to accomplish." *Id.*  In Kansas, a plaintiff states a claim for abuse of process by alleging:  (1) that the defendant made an illegal, improper, perverted use of the process, (a use neither warranted nor authorized by the process); (2) that the defendant had an ulterior motive or purpose in exercising such illegal, perverted, or improper use of the process; and (3) that damage resulted to the plaintiff from the irregularity. *Id.*

Here, plaintiff alleged no facts that could support an abuse of process claim.  Plaintiff alleges that defendants conspired to omit and withhold evidence as well as use confidential information against him.  *See* Doc. 1.  But nowhere in the Complaint does plaintiff allege facts that could support a contention that defendants committed a perverted or improper use of process, or that they had ulterior motives in carrying out their process.  The court thus grants defendants' Motion to Dismiss on plaintiff's abuse of process claims.

### 5. Conspiracy

Defendants contend that plaintiff has not pleaded sufficient facts to show a plausible conspiracy by defendants.  A conspiracy claim under 42 U.S.C. § 1983[3] requires plaintiff to plead not only a conspiracy but also the deprivation of a constitutional right as a result of the conspiracy.  *Dixon v. City of Lawton*, 898 F.2d 1443, 1449 (10th Cir. 1990).  So, to allege sufficient facts to support a conspiracy, plaintiff must allege "specific facts showing agreement and concerted action" among defendants.  *Hunt v. Bennett*, 17 F.3d 1263, 1266 (1994).  "Conclusory allegations of conspiracy are insufficient."  *Id.*  Instead, plaintiff must also allege specific facts showing a deprivation of a constitutional right.  *See Snell v. Tunnell*, 920 F.2d 673, 701 (1990).  Pleading one without the other is insufficient.  *Id.*

Plaintiff's Complaint makes, at best, only conclusory allegations of conspiracy.  *See* Doc. 1 at 6 ("Ellen Mitchell . . . conspired with Deputy Matt Fischer and Christina Trocheck"); *see also id.* at 7 ("[Defendants] CONSPIRED TO WITHHOLD EVIDENCE THAT WOULD HAVE DISQUALIFIED DISTRICT ATTORNEY CHRISTINA TROCHECK . . . ."); *id.* at 8 ("Plaintiff claims D.A.'s office and investigating officers conspired to mislead and misrepresent evidence of marijuana being found at the [p]laintiff's residence during the search").  Liberally construing plaintiff's factual allegations, plaintiff has not alleged sufficient facts to show any agreement or concerted action.

---

[3] The court notes that plaintiff mentions 42 U.S.C. § 1985 in his Complaint as part of his jurisdictional statement, and again in his Response brief.  But, other than copying the statutory language in his Response, plaintiff never makes any arguments to explain claims under § 1985.  Because § 1985 refers to certain unique conspiracies, i.e., ones designed to prevent an officer from performing his duties, to prevent parties from testifying in federal court, and certain other class-based conspiracies, none of which are applicable to plaintiff's allegations, the court analyzes plaintiff's conspiracy claims under 42 U.S.C. § 1983.

In Count I, plaintiff alleges defendants conspired to misrepresent and omit evidence of a gunpowder residue testing.  But, plaintiff merely alleges that defendants never performed gunpowder residue testing  even though he alleges the test would have been "within normal investigating procedures" and it would had "verge[d] on incompetence" not to perform the tests. Doc. 1 at 6.  In Count II, plaintiff alleges defendants conspired to withhold evidence that would have disqualified Ms. Trocheck as prosecutor.  But, again plaintiff does not set forth any facts from which the court can infer an agreement.  *See* Doc. 1 at 7.

Without specific facts supporting an agreement, plaintiff's general allegations are insufficient to state a conspiracy claim under §1983.  *See Iqbal*, 556 U.S. at 678 ("[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements' of a cause of action" is insufficient to survive a motion to dismiss.).  The court thus grants defendants' Motion to Dismiss on plaintiff's conspiracy claims.

## IV.  Prosecutorial Immunity

Defendants next argue that even if plaintiff has stated claims for which relief can be granted, his claims against Ms. Mitchell and Ms. Trocheck are barred by prosecutorial immunity. The Supreme Court has held that prosecutors enjoy absolute immunity "for their conduct in 'initiating a prosecution and in presenting the State's case,' insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430, 431 (1976)).  This prosecutorial immunity is limited, however, to actions that "involve the prosecutor's role as advocate . . . rather than his [or her] role as administrator or investigative officer." *Id.* at 491 (citation and internal quotation marks omitted).

To determine whether a prosecutor has absolute immunity, courts examine "'the nature of the function performed, not the identity of the actor who performed it.'" *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997) (quoting *Forrester v. White*, 484 U.S. 219, 229 (1988)).  The Supreme Court has emphasized that functions "undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his [or her] role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).  Such "acts must include the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or before a grand jury after a decision to seek an indictment has been made." *Id.*  "[T]he official seeking absolute immunity bears the burden of showing that such immunity is justified for the function in question." *Burns*, 500 U.S. at 486.

Defendants contend that Ms. Mitchell and Ms. Trocheck are absolutely immune from plaintiff's lawsuits because plaintiff's allegations only involve prosecutorial actions by defendants.  Plaintiff does not address absolute immunity in his Response, but instead limits his argument to whether defendants enjoy qualified immunity.  *See* Doc. 24 at 6.  Turning to the Complaint, plaintiff alleges there that Ms. Mitchell and Ms. Trocheck conspired to withhold evidence that would have disqualified Ms. Trocheck as prosecutor, and that the pair used attorney/client privileged information to contact and interview a character witness in their investigation against him.  *See* Doc. 1 at 7.  Because only functions intimately related to the judicial phase of the criminal process are entitled to absolute immunity, the court must analyze defendants' functions for each allegation separately.

First, plaintiff alleges that Ms. Mitchell testified in court that her office was "intimately involved in producing the probable cause affidavit" charging plaintiff with first degree murder.

*See* Doc. 1 at 8.  Plaintiff alleges this is evidence of conspiracy.  Regardless, the case law establishes that Ms. Mitchell is absolutely immune from suit in any claims arising from testimony given as a prosecutor.  Testifying in court is "intimately associated with the judicial phase of the criminal process."  *See Burns*, 500 U.S. at 478 (finding that a prosecutor is absolutely immune from suit for statements given at a probable cause hearing).  Ms. Mitchell thus is entitled to absolute immunity for claims arising out of her testimony.

Plaintiff also alleges in Count 3 that Ms. Mitchell and Ms. Trocheck used attorney client privileged information to contact and interview a character witness to be used against plaintiff in the investigation.  *See* Doc. 1 at 9.  But, in the factual allegations, plaintiff only mentions Ms. Trocheck.  Functions associated with the investigative phase of the criminal process are not entitled to absolute immunity.  *See Burns*, 500 U.S. at 493.  But, the court need not determine whether Ms. Trocheck is entitled to absolute immunity for the claims arising from the investigation because the court finds that defendants are entitled to qualified immunity.

### V.      Qualified Immunity

Defendants next argue that even if plaintiff has stated claims for which relief can be granted, his claims against all defendants are barred by qualified immunity.  Qualified immunity "represents 'the norm' for public officials, and serves to insulate from suit all but the plainly incompetent or those who knowingly violate the law."  *Lewis v. Tripp*, 604 F.3d 1221, 1225 (10th Cir. 2010) (citations and internal quotation marks omitted); *see also Kerns v. Bader*, 663 F.3d 1173, 1180 (10th Cir. 2011) ("Law enforcement officers are, of course, entitled to a presumption that they are immune from lawsuits seeking damages for conduct they undertook in the course of performing their jobs.").

A plaintiff may overcome this presumption of immunity "only by showing, first, that the official violated the plaintiff's federal statutory or constitutional rights, and, second, that the rights in question were clearly established at the time of their alleged violation." *Lewis*, 604 F.3d at 1225 (citing *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)); *see also Martinez v. Carr*, 479 F.3d 1292, 1294 (10th Cir. 2007) (explaining that "when a defendant raises qualified immunity as a defense, the plaintiff must meet a 'heavy two-part burden.'" (citation omitted)).

Plaintiff cannot overcome the presumption of qualified immunity because plaintiff has not stated any claim for violation of his rights. Plaintiff alleges generally that defendants conspired to withhold evidence and use attorney/client privileged information as part of their investigation. But, as discussed above, plaintiff's factual allegations, even liberally construed, amount to mere legal conclusions. Plaintiff has not alleged sufficient facts to state a plausible Fourth, Fifth, Sixth, or Fourteenth Amendment claim. Nor has plaintiff alleged sufficient facts to state a plausible malicious prosecution or abuse of process claim. Because plaintiff has not shown that defendants violated his rights, plaintiff cannot overcome the presumption of qualified immunity. The court thus finds plaintiff's claims are barred by qualified immunity.

## VI.     Statute of Limitations

Defendants next assert that even if plaintiff has stated claims for which relief can be granted, plaintiff's claims are barred by the statute of limitations. State law governs the statute of limitations in § 1983 actions. *See Hardin v. Straub*, 490 U.S. 536, 539 (1989); *see also Brown v. Unified Sch. Dist. 501, Topeka Pub. Schs.*, 465 F.3d 1184, 1188 (10th Cir. 2006). In Kansas, "that is the two-year statute of limitations in Kan. Stat. Ann. § 60-513(a)." *Brown*, 465 F.3d at 1188; *see also* Kan. Stat. Ann. § 60-513(a)(4) (stating that "[a]n action for injury to the rights of another" "shall be brought within two years"). The issue of tolling is also governed by state law.

*See Alexander v. Oklahoma*, 382 F.3d 1206, 1217 (10th Cir. 2004). K.S.A. 60-515 provides that a "person . . . imprisoned for a term less than such person's natural life . . . shall be entitled to bring such action within one year" after the disability is removed. But, if a "person imprisoned for any term has access to the court for purposes of bringing an action," the statute of limitations is not tolled. K.S.A. 60-515.

While state law governs the length of the limitations period, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, a § 1983 claim accrues "when the plaintiff has a complete and present cause of action." *Id.* (citation and internal quotation marks omitted).

Applying Kansas's two-year statute of limitations for personal injury claims, plaintiff's Fourth, Fifth, Sixth, and Fourteenth Amendment claims as well as plaintiff's state law abuse of process claims are barred. Plaintiff alleges that defendants conspired to withhold evidence and used privileged information as part of their investigation. All of these actions occurred before plaintiff pleaded guilty to the felon in possession charge for which Plaintiff served thirty months in prison—well over two years. Plaintiff had a complete cause of action after the alleged acts occurred and the statute of limitations began running at that time. And, plaintiff does not claim he lacked access to the courts while he was in prison, so the statute of limitations did not toll under K.S.A. 60-515. More than two years have passed since plaintiff's claims accrued. Plaintiff's constitutional claims are thus also barred by the statute of limitations.

Plaintiff also brings a § 1983 malicious prosecution claim. Malicious prosecution claims do not accrue until criminal proceedings have terminated in plaintiff's favor. *Heck v. Humphrey*, 512 U.S. 477, 489 (1994). Plaintiff pleaded guilty to felon in possession charges on July 12,

2012 and served a thirty months sentence.  In short form, the criminal proceedings against defendant never terminated in plaintiff's favor.  Plaintiff's malicious prosecution claims have never accrued because, as the court discussed above, plaintiff has stated no plausible claim for malicious prosecution.

**VII.**  ***Heck v. Humphrey***

Finally, defendants assert that plaintiff's claims are barred by the holding in *Heck v. Humphrey*.  *See Heck*, 512 U.S. 477.  In *Heck*, the Supreme Court held that a §1983 claim for unconstitutional conviction or imprisonment, or "other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," requires the plaintiff to prove the conviction has been "reversed on direct appeal, expunged by executive order," or otherwise invalidated.  *Id.* at 486–87.  Defendants contend that because plaintiff pleaded guilty to the felon in possession charge, the rule in *Heck* bars his claims.  But, the holding in *Heck* only applies if plaintiff's claims would render a sentence or conviction invalid.  Plaintiff never challenges his conviction in his Complaint.  Plaintiff's factual allegations assert that defendants conspired to misrepresent and withhold evidence as well as misuse confidential information as part of the investigation .  The rule in *Heck v. Humphrey* does not apply here and, regardless, makes no difference to the outcome of this case.

**VIII.   Conclusion**

For the reasons explained above, the court grants defendants' Motion to Dismiss (Doc. 12).  Plaintiff has not stated a plausible claim for relief and all defendants are protected by qualified immunity.  Further, plaintiff asserted his constitutional claims and abuse of process claim after the statute of limitations expired.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' Motion to dismiss (Doc. 12) is granted.  This case is dismissed in its entirety.

**IT IS FURTHER ORDERED THAT** plaintiffs' "Motion to Show Cause why this Court Should Not Dismiss Complaint" (Doc. 23) is denied.

Plaintiff filed this motion as a response to the court's Order to Show Cause (Doc. 20). The court thus denies this motion because it already has addressed all of plaintiff's arguments made in his Response (Doc. 24) to defendants' Motion to Dismiss in this Memorandum and Order.

**IT IS SO ORDERED.**

**Dated this 20th day of September, 2016, at Topeka, Kansas.**


**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**